UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ATRIUM COMPANIES, INC.,

                Plaintiff,

                -against-

UNITE HERE! AND SOUTHWEST REGIONAL
JOINT BOARD, WORKERS UNITED, AN
AFFILIATE OF SERVIVE EMPLOYEES
INTERNATIONAL UNION,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER
09 Civ. 8265 (GBD) (DCF)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff filed this interpleader action against Defendants UNITE HERE! and the Southwest Regional Joint Board ("SWRJB") alleging that it faced competing claims over its union dues and initiation fees. Although Plaintiff had a collective bargaining agreement with Defendant UNITE HERE!, during an internal union dispute Defendant SWRJB made a rival claim to entitlement to the union dues and fees deducted from Plaintiff's employee's wages. The action was originally filed in Texas state court, removed to federal court, and then transferred to this Court. After the National Labor Relations Board determined that UNITE HERE! was entitled to the funds, this Court dismissed the action on consent. Currently pending is Plaintiff's motion for attorney's fees and Defendants' motion for sanctions pursuant to 28 U.S.C. § 1927.

      This Court referred the matter to Magistrate Judge Debra Freeman for her Report and Recommendation ("Report"). Magistrate Judge Freeman recommended that this Court: (1) grant Plaintiff's motion for attorney's fees and award fees of $57,363.03, and (2) deny Defendants' motion for sanctions against Plaintiff for unnecessary litigation activity.

1

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In her Report, Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Both defendants objected to Magistrate Judge Freeman's recommendation that Plaintiff's motion for attorney's fees be granted. No party objected to Magistrate Judge Freeman's calculation of the amount of the award, or her recommendation that Defendants' motion for sanctions pursuant to 28 U.S.C. § 1927 be denied.

Magistrate Judge Freeman correctly determined that a stakeholder in an interpleader action is generally entitled to attorney's fees and costs. BNP Paribas v. Wayzata Opportunities Fund II, L.P., 09 Civ. 5351 (DLC), 2010 WL 1875716, at *3 (S.D.N.Y. May 11, 2010) (citing to Septembertide Pub., B.V. v. Stein and Day, Inc., 884 F.2d 675, 683 (2d Cir.1989)). Such fees

and costs are awarded to "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." Septembertide Pub., B.V., 884 F.2d at 683; Landmark Chemicals, SA. v. Merrill Lynch & Co., 234 F.R.D. 62, 63 (S.D.N.Y. 2005). Magistrate Judge Freeman properly determined that Atrium satisfied each of these criterion, that Atrium did not act in bad faith, and that Atrium was entitled to attorney's fees and costs.[1]

Since no party objected to Magistrate Judge Freeman's calculation of Atrium's award, it is reviewed under the clear error standard. Magistrate Judge Freeman's calculation of the fee award is reasonable and not clearly erroneous. Therefore, Atrium is awarded $57,363.03 in attorney's fees and costs. Similarly, Magistrate Judge Freeman's recommendation that Defendants' motion for sanctions be denied is not clearly erroneous. An award for sanctions under 28 U.S.C. § 1927 is appropriate only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose. . .. In addition, the court must find bad faith and must provide the attorney notice and an opportunity to be heard." Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125-26 (2d Cir. 2011). Magistrate Judge Freeman properly determined that Plaintiff's alleged

---

[1] In its objection, Defendants contend that an interpleader plaintiff who brings a superfluous action loses the right to attorney's fees. See Stuyvesant Ins. Co. v. Dean Construction Co., 254 F. Supp. 102 (S.D.N.Y. 1966); Paul Revere Life Ins. Co. v. Riddle, 222 F. Supp. 867 (E.D. Tenn. 1963). In both those cases, the court notes that attorney's fee awards are rarely allowed in interpleader actions and the particular circumstances of those cases did not warrant deviating from the general rule. See Stuyvesant Ins. Co., 254 F. Supp. at 29 ("[the right to initiate an interpleader action] [does] not include a further right to impress the fund with the expense of interpleading it"); Paul Revere Life Ins., 222 F. Supp. at 868 ("rarely are [attorney's fees] allowed as a matter of course") More recently, however, the Second Circuit held that a "disinterested stakeholder who asserts an interpleader action is entitled to an award of costs and attorneys fees." See Stepembertide Publishing, 884 F.2d at 683 (emphasis added). Further, both cases relied upon by Defendants involve insurance companies, who initiate interpleader actions as part of their normal course of business. See Companion Life Ins. Co. v. Schaffer, 442 F. Supp. 826, 830 (S.D.N.Y. 1997)(" conflicting claims to the proceeds of a policy are inevitable and normal risks of the insurance business."). "[T]he cost of doing business [for an insurer] should not be transferred by invoking interpleader." Id. Thus, these cases are inapposite and do not warrant rejecting Magistrate Judge Freeman's recommendation.

misconduct did not meet the high threshold for an award of sanctions under § 1927. Thus, Defendants' motion for sanctions pursuant to 28 U.S.C. § 1927 is DENIED.

Attorney's fees and costs "are generally awarded against the interpleader fund, but may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it." Septembertide, 884 F.2d at 683 (citing Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1497-98 (11th Cir. 1986)). In this case, each defendant played a role in driving up Atrium's attorney's fees and costs. Defendant UNITE HERE!, through its motion practice, drove up the cost of this litigation, while Defendant SWRJB, through its ultimately unsuccessful claim to Atrium's union dues, created the conflict that led to the instant action. Therefore, Magistrate Judge Freeman properly concluded UNITE HERE! should be required to pay 75% of the attorney's fees, while SWRJB be required to pay the remaining 25%.

## Conclusion

This Court adopts the Report and Recommendation. Plaintiff's motion for attorney's fees and costs is GRANTED. Defendant's motion for sanctions pursuant to 28 U.S.C. § 1927 is DENIED. Plaintiff is awarded $57, 363.03 in attorney's fees and costs. Defendant UNITE HERE! is required to pay 75% ($43,022.27) and Defendant Southwest Regional Joint Board is required to pay 25% ($14,340.76) of the award.

Dated: August 31, 2011
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge